**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DORIAN CLARK,** | : | |
| *a/k/a Steven Jacobs,* | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-5498** |
| | : | |
| **THE WARDEN AND ALL PRISON** | : | |
| **GUARDS,** *et al.,* | : | |
| Defendants | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J.                                    MAY 5, 2022

  Plaintiff Dorian Clark, also known as Steven Jacobs, a prisoner currently incarcerated at

Philadelphia Industrial Correctional Center ("PICC"),[1] brings this *pro se* civil action pursuant to

42 U.S.C. § 1983, alleging violations of his constitutional rights.  Currently before the Court are

Clark's Complaint (ECF No. 1), Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4),

and Prisoner Trust Fund Account Statement (ECF No. 5).  For the following reasons, the Court

will grant Clark leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Clark will be granted to leave

to file an amended complaint.

---

[1] At the time he initiated this action, Clark was incarcerated at Riverside Correctional Facility located
at 8151 State Road, Philadelphia, Pennsylvania, 19136.  A search for Clark's identification number in the
Incarcerated Person Locator publicly available online through the Philadelphia Department of Prisons
reflects that Clark is currently incarcerated at PICC.  *See* https://incarceratedperson-locator.phila.gov/#/
(last visited April 29, 2022).  Accordingly, the Clerk of Court will be directed to update the docket to reflect
Clark's current address.

## I.    FACTUAL ALLEGATIONS[2]

Clark's Complaint is exceptionally brief, consisting of a single, handwritten page that names the following Defendants:  (1) the "Warden and All Prison guards[;]" (2) the "Owner of Riverside Correctional Facility[;]" and (3) the "Judges of [the] Criminal Justice Center[.]" (Compl. at 1.)[3]  Clark asserts only that he "file's [sic] this Complaint against all listed for violation of prison policy 3.F.2 and [the] right's [sic] of Steven Jacobs[.]"  (*Id.*)  Attached to the Complaint as an Exhibit are two pages of a document entitled "Philadelphia Prisons Policies & Procedures," which includes "Policy Number 3.F.2" regarding inmate rights[4] and "Policy Number 3.F.4" regarding the methods inmates may use to "gain access to the media."  (Exhibit ECF No. 1-1 at 1-2.)  Clark makes no factual allegations that describe any specific events that occurred at Riverside Correctional Facility relating to the applicability of either of these policies.  He alleges only that the violation of Policy Number 3.F.2 amounted to a "deprivation of rights under color of law." (Compl. at 1.)

## II.    STANDARD OF REVIEW

The Court will grant Clark leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.   Accordingly, 28 U.S.C. §

---

[2]    The factual allegations set forth in this Memorandum are taken from Clark's Complaint and the Exhibit attached thereto.

[3]    The Court adopts the pagination supplied to the Complaint and the attached exhibits by the CM/ECF docketing system.

[4]    Policy Number 3.F.2 outlines various rights of inmates within the Philadelphia Prison System including, but not limited to:  (1) an inmate's "right to constitutionally mandated medical care[;]" (2) an inmate's right not to be "subjected by staff to corporal punishment, personal abuse, deliberate or unnecessary personal injury or exposure to disease, deliberate or unnecessary property damage, or the use of unnecessary or" excessive force; and (3) the right to not be discriminated against on the "basis of race, national origin, gender, age, religion, creed, disability, political beliefs, sexual orientation or other categories" with respect to decisions about an inmate's access to prison programs and services, assignment to jobs or housing units, or an inmate's classification status.  (*See* ECF No. 1-1 at 1.)

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.  DISCUSSION

The Court understands Clark's Complaint to assert claims pursuant to 42 U.S.C. § 1983 because Clark alleges that Defendants caused a "Deprivation of [his] Rights under color of Law."

3

Section 1983 of Title 42 of the United States Code, the vehicle by which federal constitutional

claims may be brought in federal court, provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged

wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v.

Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations

of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at

1207)).  Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff

must plead that each Government-official defendant, through the official's own individual actions,

has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

### A. Claims Regarding Violations of the Philadelphia Department of Prisons' Policies and Procedures

Clark's sole assertion is that his rights were violated by a "violation of prison policy 3.F.2."

(Compl. at 1.)  The Court understands Clark's Complaint as seeking to raise § 1983 claims against

Defendants based on alleged violations of Policy Number 3.F.2.[5]  "As many courts have held,

corrections officials cannot be held liable for failing to conform to procedures outlined in inmate

---

[5] Clark also attached a copy of Policy Number 3.F.4 as an Exhibit to his Complaint, (*see* Exhibit
ECF No. 1-1 at 2), but Clark does not specifically allege that Defendants violated this policy in any way.

handbooks and other internal prison procedures." *Bowman v. Wetzel*, No. 20-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) (citing cases); *see also Curry v. McCann*, No. 18-5444, 2019 WL 77441, at *7 (E.D. Pa. Jan. 2, 2019) ("Even if Curry was asserting a claim against C.O. McCann based on this questioning, 'a prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983.'") (citing *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009, at *7 n.7 (D.N.J. Aug. 31, 2006)).  Accordingly, to the extent that Clark seeks to assert any § 1983 claims against Defendants based on alleged violations of the Philadelphia Department of Prisons' Policies and Procedures, these claims are not plausible and will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The dismissal will be with prejudice as amendment on this issue would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

### B.    Claims Against the Warden and All Prison Guards

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Because Clark makes no allegations describing how any individual members of the correctional staff at Riverside Correctional Facility, including the warden or any specific prison guards, are personally responsible for any alleged constitutional violations, his

claims against these individuals will be dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  *See Rode*, 845 F.2d at 1207; *see also Iqbal*, 556 U.S. at 676.

### C.    Claims Against the "Owner" of Riverside Correctional Facility

Clark names the "owner" of Riverside Correctional Facility as a Defendant in this action. The Court notes that Riverside Correctional Facility is a correctional facility operated by the Philadelphia Department of Prisons.[6]  To the extent Clark's Complaint could be liberally construed as seeking to allege a claim against the City of Philadelphia based on its operation of Riverside Correctional Facility, Clark's Complaint fails to state a plausible claim.  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  Clark's Complaint is completely devoid of any factual allegations stating a plausible *Monell* claim and any claim against the City of Philadelphia, based on its operation of Riverside Correctional Facility, must be dismissed pursuant to § 1915(e)(2)(B)(ii).

### D.    Claims Against the Judges of the Criminal Justice Center

---

[6]      *See* "About the facility", Riverside Correctional Facility, Philadelphia Department of Prisons website,                                   https://www.phila.gov/departments/philadelphia-department-of-prisons/about/facilities/#riverside-correctional-facility-rcf                    (last visited April 29, 2022).

Clark also names the "Judges of [the] Criminal Justice Center" as Defendants in this action. The Court construes this as Clark's attempt to bring § 1983 claims against the judges of the Court of Common Pleas for Philadelphia County who preside over criminal matters at the Juanita Kidd Stout Center for Criminal Justice.  However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Additionally, judges of general and limited jurisdiction, including magisterial district judges, are entitled to judicial immunity.  *See id.* at  441 (concluding that magisterial district judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity); *see also Evans v. Lorah*, No. 20-22, 2020 WL 2813317, at *3 (W.D. Pa. May 11, 2020), *report and recommendation adopted*, 2020 WL 2793088 (W.D. Pa. May 29, 2020) (dismissing *pro se* litigant's § 1983 claims against a former magisterial district judge on screening pursuant to § 1915(e)(2)(B) on the basis of judicial immunity).

Clark's Complaint does not make any factual allegations tying any of the judges of the Criminal Justice Center to any events that occurred at Riverside Correctional Facility or any alleged violations of Policy Number 3.F.2.  However, to the extent that any of these judges made judicial determinations in state court criminal proceedings which resulted in Clark's confinement

at Riverside Correctional Faculty and those determinations serve as the basis for Clark's claims, the judges are entitled to absolute immunity. *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a pro se plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity"); *see also Evans*, 2020 WL 2813317, at *3; *see also Blackwell v. Middletown Borough Police Dep't*, No. 12-825, 2012 WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), *report and recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012) (dismissing *pro se* plaintiff's claims against a magisterial district judge for failure to state a claim at screening because "judicial immunity . . . expressly extends to Pennsylvania magisterial district court judges") (citing *Figueroa*, 208 F.3d at 441). Therefore, Clark's claims against the judges of the Criminal Justice Center will be dismissed with prejudice as are barred by judicial immunity and any attempt to amend would be futile. *See Grayson*, 293 F.3d at 108, 110.

###### E.      Leave to Amend

The United States Court of Appeals for the Third Circuit has held that district courts should dismiss complaints under the Prison Litigation Reform Act with leave to amend "unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 108, 110; *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Cognizant of Clark's *pro se* status, the Court will permit him an opportunity to amend his pleading with thirty (30) days to "flesh out" his allegations and give him an opportunity to explain "the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).

**IV.      CONCLUSION**

For the foregoing reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Clark will be given leave to file an amended complaint in the event he can cure the defects outlined above and state a plausible claim.  An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO. J.*